| | | |
|---|---|---|
| CHARLES N. AUSER-EL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PJM-19-3040 |
| LAWRENCE HOGAN, BRIAN FROSH and KAREN H. ABRAMS, | * * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff Ausar-El, a self-represented litigant, filed a document titled "FRCP Rule 60 relief" that has been entered as a "Complaint." ECF No. 1. Plaintiff is seeking relief from a state court judgment of foreclosure on property located at 23005 Boaz Street, Lexington Park, Maryland. ECF No. 1-3. Plaintiff names as Defendants Lawrence Hogan, Governor State of Maryland; Brian Frosh, Attorney General State of Maryland; and Karen H. Abrams, Administrative Judge State of Maryland.

Although Plaintiff paid the filing fee in this instance, this court may nevertheless dismiss a complaint, or portions of a complaint, *sua sponte* where the matters asserted are plainly frivolous. *Smith v. Kagan*, 616 F.App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.*, 554 F.App'x 247, 248 (4th Cir. 2014) (same); *Ross v. Baron*, 493 F.App'x 405, 406 (4th Cir. 2012) (same). In addition, "dismissal prior to service of process is permissible when a court lacks subject matter jurisdiction over a patently frivolous complaint." *Smith*, 616 F.App'x at 90; *Chong Su Yi*, 554 F.App'x at 248 (same); *Ross*, 493 F.App'x at 406 (same). For the reasons discussed below, the Complaint will be dismissed.

Plaintiff is seeking review of a state court judgment entered against Deborah El-Bey, identified by plaintiff as his spouse. ECF No. 1, page 2. *See also* Clarke v. El-Bey, Case Number 18-C-16-000119, Circuit Court Saint Mary's County.[1] The state court electronic record indicates that a final order of foreclosure was entered, the property was sold, and appeals of the foreclosure order were unsuccessful. Documents filed by Plaintiff include a letter addressed to Deborah El-Bey from Ian DeWaal, U.S. Department of Justice Senior Counsel, stating that the foreclosure was granted in January 2016, the property sold to a third party in 2016 pursuant to a court order, Deborah El-Bey's objections were denied, the third party was granted a writ of possession on October 31, 2016, and El-Bey received a final eviction dated November 2, 2016. ECF No. 1-4.

Plaintiff's complaint fails to establish that this court has jurisdiction in this matter. Foreclosure actions brought under state law do not give rise to federal question subject-matter jurisdiction. *See Williams v. JP Morgan Chase Bank*, 2016 WL 509426, at *2 (D. Md. 2016) citing McNeely *v. Moab Tiara Cherokee Kituwah Nation Chief*, 2008 WL 4166328, at *1 (W.D.N.C 2008) (nothing in a "simple foreclosure action of real property . . . suggests the presence of a federal question").

Second, Plaintiff fails to name proper parties to this action. Plaintiff seeks to set aside a judgment of foreclosure in a state court action. Neither the plaintiff nor defendant in the state court action are parties to the action filed in this court. Further, the parties named in the instant action were not parties in the state court matter. Plaintiff has filed three Notice of Lis Pendens (ECF Nos. 2-4) regarding the property at issue in the state court proceedings. Plaintiff claims to be the "real party of interest and has standing for said property under common law because of the Plaintiff's

---

[1] *See* http://casesearch.courts.state.md.us/inquiry (last visited 3/11/20).

false arrest due to unlawful trespass on his private property due to the void orders of the defendant(s)." ECF No. 4

Plaintiff's allegations are premised on the belief that the state court orders are void. In furtherance of his claims, Plaintiff alleges that the state court lacked jurisdiction over the foreclosure proceeding based on Deborah El-Bey's status as a Moorish American. Attachments to the Complaint include a document signed by Deborah El-Bey with a "demand" for enforcement of numerous laws and treaties including "The Rights of Indigenous Peoples," a statement of her rights as an "Aboriginal/Indigenous Free and Sovereign Moor/Muur" and her declaration that she has "Secured Party status and am a Declared Moorish American." ECF No. 1-4.

Contrary to Plaintiff's assertions, status as a Moorish American does not immunize one from the requirements to comply with State law. Such assertions have been consistently rejected. *See Bey v. Genano*, 2017 WL 1315530, at *2 n.7 (D. Md. 2017), citing *Fullard v. Maryland*, 2015 WL 1517393, at *1 n.1 (D. Md. Mar. 31, 2015) ("The legal assertions raised in the complaint and declaration involving Fullard's Moorish-American descent amount to nonsensical gibberish . . . (citations omitted). The court is not aware of any instance where the United States has recognized the so-called 'Moorish/Muurish Nation' as a sovereign.")

Here, Plaintiff's Complaint, even construed liberally, cannot provide any basis for relief. His central premise is that he has both standing and jurisdiction to challenge a foreclosure action brought in state court against his spouse. He asserts the state court judgment is void based on his spouse's status as a Moorish American and Indigenous Sovereign. The claim is devoid of any legal merit even when liberally construed. Because the Complaint clearly has no basis in law and fact, it shall be dismissed as frivolous.

3

Accordingly, the Complaint will be dismissed. A separate order follows.

_____3/11/24_____                             _____/s/_____
**Date**                                        **PETER J. MESSITTE**
                                                **UNITED STATES DISTRICT JUDGE**